# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANCHILLES CORELLEONE,<br><br>        Petitioner,<br><br>vs.<br><br>KIM HOLLAND, et.al.<br><br>        Respondents. | Case No.:1:12-cv-01082-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner filed the instant petition for writ of habeas corpus on July 5, 2012.  Petitioner contends that the California Department of Corrections and Rehabilitation (CDCR) has intentionally used charges that for which he was never convicted to determine he may meet the criteria of a Sexually Violent Predator and mentally disturbed offender.  Petitioner argues that contrary to the CDCR's determination, he was never convicted of lewd and lascivious acts with a person under the age of 14.  (Pet. at 6.)  On September 26, 2011, the California Court of Appeal, Second Appellate District granted in part and denied in part his petition for writ of habeas corpus and ordered the Director of CDCR to "remove from petitioner's ICC Committee Report (CDCR

form 128-G), as well as from his Central File and any other documents prepared by the Department, any reference to petitioner having been convicted of the crime of lewd and lascivious conduct with a child under age 14.  The petition is denied as to any other purported errors in the ICC report, alleged ineffective assistance of counsel, and petitioner's request to withdraw his plea.  (Pet. at 18-20.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

It appears that Petitioner is attempting to enforce the appellate court's decision granting and denying in part the state petition for writ of habeas corpus in this Court.  However, it is the state court that retains jurisdiction to enforce its own order granting the petition in part.  Thus, Petitioner must apply to the state court to enforce its own judgment and order directing the Director of CDCR to remove the relevant documents from his prison file.  Petitioner submits no evidence that he has indeed applied to the state court to enforce the September 26, 2011, order. In fact, Petitioner attaches a copy of a letter from Deputy District Attorney, Ross Alan Alari, dated May 4, 2012, which informed Petitioner of the following:

> The Second Appellate District sets out who is directed to take action on your behalf in order to correct the errors that you complain from in the final paragraph of their opinion, disposition.
>
> They state, in part, the director of the Department of Corrections is directed to remove from the petitioner's CDCR Form 128-g and central file any other documents reference to a child under 14.

> Once CDC is served with a copy of the opinion they should make those changes or be ordered to show cause why they refuse the order of the court.

(Pet. at 41.)

Accordingly, the Court must dismiss the instant petition for writ of habeas corpus as there is no relief available in this Court.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.	The instant petition for writ of habeas corpus be DISMISSED; and

2.	The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

  Dated:   **October 24, 2012**                    /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE